DELIA W. HENRY ET AL. *v.* THOMAS R. HENDERSON, EXECUTOR.

1. CHANCERY PLEADINGS. *Multifariousness.* *Code* 1892, § 547.

   Under code 1892, § 547, so providing, that form of multifariousness which consists in joining in one bill several distinct and disconnected matters against the same defendant is not an objection to the bill.

2. SAME. *Will. Construction. Devisees. Executor. Accounting. Income.*

   A bill by the devisees against the executor of the will to recover the income from the devised property, for an accounting as to the surplus from such income, and for the payment to them of money wrongfully expended on other property, and for a construction of the will, is not multifarious, independently of the statute.

FROM the chancery court of Leflore county.

HON. A. MC. KIMBROUGH, Chancellor.

Mrs. Henry and her children, appellants, were complainants in the court below; Henderson, executor, appellee, was defendant there.    From a decree of the court below sustaining a demurrer to complainants' bill, they appealed to the supreme court.

In January, 1898, Mrs. L. H. Henry died, leaving a will, and named T. R. Henderson, appellee, as the executor of the will.    By the first codicil of the will certain lands were devised to Mrs. D. W. Henry and her six children, the appellants.    In the second codicil it was provided that the devise of the land was not to take effect until after the death of the husband of the testatrix; he to have the income of the entire estate during his life; the executor to manage the estate and to pay off certain debts and legacies, for which special provisions were made; and provided for the payment of an annuity of $300 to Mrs. D. W. Henry during the life of the husband, out of the income, and further provided that the executor could use the money on hand in making and gathering the crops for that year.    The executor paid Mrs. D. W. Henry $100 before the death of the husband of the testatrix, who died in a short time after the death of his wife.    The executor completed the crop of 1898, and, claiming not to have enough money to pay the debts and legacies, he made and gathered a crop in 1899, and paid all legacies, and had a surplus.    He turned over the lands devised to the devisees on January 1, 1900, but refused to turn over to them their *pro rata* share of the surplus, and refused to pay to Mrs. D. W. Henry the balance of the annuity.    Mrs. D. W. Henry and her six children named in the will, filed the bill in this case against Henderson, executor, in which they allege the foregoing facts, and allege further that defendant used $2,000 in 1899 in rebuilding a steam gin on lands not devised to complainants, and refused to account for that and for the surplus aforesaid.    They seek, first, to have the executor pay over to them the entire income for the year 1899, and to pay Mrs. D. W. Henry the residue

of the annuity, or, if mistaken in this, to have him pay over to complainants their *pro rata* share of the surplus of 1899, and to account for and pay over to them their proportionate share of the amount expended on the gin and outfit, or, if mistaken in this, then for a construction of the will and general relief. A demurrer was interposed to this bill, setting up as cause of demurrer, *inter alia,* that the bill was multifarious. The demurrer was sustained, and the bill dismissed. Complainants appealed.

*S. R. Coleman,* for appellants.

The bill was not multifarious, even without the aid of our statute, code 1892, § 547, but surely, under said statute, the demurrer could not rightfully have been sustained. The bill was and is one by devisees under a will seeking to compel the executor to distribute the estate in his hands, for an accounting for the purpose of determining the extent of his liability and for a construction of the will. *Hedges* v. *Aydelott,* 46 Miss., 100; *Richardson* v. *Brooks,* 52 Miss., 118; *Railway Co.* v. *Brooks,* 66 Miss., 583; Woerner's Am. Law of Administration, 352.

*Rush & Gardner,* for appellee.

The bill was multifarious, and the demurrer thereto was properly sustained. 1 Beach's Modern Eq. Prac., sec. 125; *Brown* v. *Guarantee, etc., Co.,* 128 U. S., 403; *Darcey* v. *Lake,* 46 Miss., 109; *Thoms* v. *Thoms,* 45 Miss., 263; *Jones* v. *Foster,* 50 Miss., 47; *Columbus, etc., Co.* v. *Humphries,* 64 Miss., 258.

WHITFIELD, C. J., delivered the opinion of the court.

The code 1892, § 547, expressly provides that that form of multifariousness which consists in joining in one bill several distinct and disconnected matters against the same defendants, shall not be a ground of objection to the bill. This has been

held to be a statutory abolition of this form of multifarious-ness as a ground of demurrer. *Insurance Co.* v. *Humphries*, 64 Miss., 258, 1 So. Rep., 232. There is but one defendant here, sued in one capacity. But, aside from this, the chief object of this bill was to secure a construction of the will, in which construction all the parties were interested. Such a construction was necessary to determine their respective rights. In no proper sense could the bill be called multifarious, independently of the statute.

*Reversed, demurrer overruled, and thirty days given to answer from the filing of the mandate in the court below.*